## COOK & SON v. PARSONS.

PER CURIAM.  1. It is provided by the Civil Code (1910), § 6160 (3), that "no case shall be dismissed by the Supreme Court for want of service, when the party benefited by a failure to serve shall—if the bill of exceptions and a copy of the record in any case shall be in the hands of the clerk of the Supreme Court—waive service and agree that said case shall be heard." By the act of August 21, 1911 (Acts 1911, p. 149), it is declared that "where counsel acknowledges service upon a bill of exceptions, such acknowledgment shall be held to be a complete waiver of all defects in the service which the counsel signing it is legally competent to waive, whether such signing is done before or after the signing of the writ of error, unless counsel in the entry of acknowledgment distinctly and specifically states that it is not to be construed as waiving some particular defect then pointed out by him." Accordingly, since the passage of that act, where counsel for the defendant in error

acknowledged service upon the bill of exceptions and waived copy, service, and other notice, without making or reserving any objection as to the time of such acknowledgment, the writ of error will not be dismissed because the acknowledgment was dated more than ten days after the signing of the bill of exceptions by the presiding judge.

(a) The other grounds of the motion to dismiss the writ of error are without merit.

2. It was error to strike on demurrer the first, second, third, and fifth paragraphs of the amendment to the plaintiffs' petition. There was no error in striking the fourth and sixth paragraphs thereof. But inasmuch as the paragraphs erroneously stricken did not involve the essential allegations as to the existence of the alleged contract and the failure to carry it out, but rather matters, explanatory of the conduct of the parties and of the delay on the part of the plaintiffs, which had been set up by the defendant in his answer, the plaintiffs were permitted to introduce substantially the same evidence as could have been introduced on those subjects had the amendment been allowed; and inasmuch as the defendant pleaded the statute of frauds, and the evidence introduced showed that the contract was one in parol in regard to the sale of land, and failed to show such facts as would take it out of the operation of the statute, the court did not err in granting a nonsuit, whether the case be termed one for specific performance or to recover damages for breach of contract. And, under the facts above stated, a reversal will not be required because of the striking of the paragraphs of the amendment above stated; but the judgment will be affirmed with direction that the erroneous sustaining of the demurrer as to the pargraphs one, two, three, and five of the amendment shall not operate as a conclusive judgment that such allegations were improper.

(a) Under the Civil Code (1910), § 5649, a defendant in this State may plead inconsistent defenses; and where he pleads the statute of frauds, his rights under such a defense are not waived by also pleading recoupment for a breach of the contract sought to be enforced by the plaintiff.    *Mendel* v. *Miller*, 134 *Ga.* 610 (68 S. E. 430).

*Judgment affirmed, with direction. All the Justices concur, except Fish, C. J., absent.*

FEBRUARY 11, 1915.

Complaint. Before Judge Patterson. Milton superior court. August 19, 1915.

*J. A. Hunt* and *G. F. Gober*, for plaintiffs.

*J. P. Brooke*, for defendant.